EASTERN DIST.
*May,* 1835.

PEYTAVIN
*vs.*
WINTER.

*J. Slidell,* for the plaintiffs and appellees.

*Preston,* for the appellants.

Garnishees cannot plead a demand against the defendant by way of exception to the right of the plaintiffs to recover.

The plaintiff in attachment will recover from the garnishees, whatever sum is shown to be in their hands, belonging to the defendant, at the time the attachment was levied.

---

## PEYTAVIN *vs.* WINTER.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE
JUDGE THEREOF PRESIDING.

An injunction will not be granted to stay execution on a judgment for damages, for causes which existed before judgment was rendered.

So, where the plaintiff in execution had a judgment for damages sustained by him in consequence of the defendant obstructing the natural drain of waters from his front tract of land by stopping certain ditches leading from it over the back land claimed by both parties, and the defendant afterwards obtains the title to the disputed premises, an injunction will not be allowed him to stay execution on the judgment for damages.

This case comes up on an appeal from the refusal of the district judge to grant the defendant an injunction as prayed for.

The facts show that Peytavin had issued his *fieri facias* against Winter, on a judgment for 1500 dollars in damages, which the former obtained in an action of trespass against the latter, for trespassing on his premises, and stopping certain ditches which Peytavin used to drain his front lands through the rear into the swamp. *See the case and judgment in 6 Louisiana Reports*, 553.

*Winter* presented a petition to the judge of the Second Judicial District, alleging that this judgment had been obtained through error, as the back tract of land through which these drains run, and which was then in dispute between them, had since been patented to him by the government of the United States; and that he was now the true owner thereof and had a right to enter on it. He further shows that his evidence of title to this land was erroneously rejected on the trial; that the judge omitted to establish the boundary between them; and, also, that he refused to sign certain bills of exception on the trial of this case. He prays that the execution and judgment of Peytavin be perpetually enjoined, and that he be declared to be the true owner of the land which had been the subject of contestation between them; and that Peytavin be required to stop up the ditches complained of and restrained from draining his front lands into, or through the tract now claimed by the petitioner as being the true owner; and that he have a judgment for damages sustained by him, &c.

The district judge refused to grant the injunction, being of opinion, that the allegations contained in the petition, did not authorise it. Winter, the applicant for injunction, appealed.

*Winter in propriâ personâ.*

*Bullard, J.*, delivered the opinion of the court.

This is an appeal from the refusal of the district judge to grant an injunction to stay proceedings on an execution

issued in the case of Peytavin *vs.* Winter, on a judgment pronounced by this court. See 6 *Louisiana Reports,* 553.

The only question we are to examine is, whether the petition presented for that purpose, discloses such facts as would authorise the issuing of an injunction. The petitioner represents that the judgment in favor of Peytavin was obtained in error, as the tract of land in dispute is now patented to him by the United States, and that the evidence of his title was rejected on trial, by the parish judge who presided, and who also refused to sign certain bills of excep-tion, although presented to him before the rendition of the judgment, and not three days thereafter, as erroneously supposed by the Supreme Court.

On these allegations, the appellant asked of the District Court to open the judgment and grant an injunction ; and, finally, that the premises in dispute might be decreed to be his property.

We are of opinion the district judge did not err in refusing the injunction : no fact is set forth in the petition which arose after the judgment, unless it be the issuing of a patent for the land, in favor of the appellant. The judgment rendered by the District Court was reversed in this, and the question of title expressly left open. The court then considered the gist of that action to be the damages sustained by Peytavin, in consequence of the act of the defendant obstructing the natural drain of waters from his front tract of land, by stopping certain ditches leading from it, over the back lands, claimed by both parties. We then considered that the question of title was not fairly before the court by the pleadings, and that so much of the verdict as related to title, might be disregarded, and so much of it as assessed damages for the trespass, ought not to be disturbed. The question of ownership is, therefore, still open for investigation, under the alleged patent on the one hand, and the purchase from the United States on the other : but the judgment rendered by this court, on the question of damages, must have its effect, whatever may ultimately be shown to be the

*An injunction will not be granted to stay execu-tion on a judg-ment for dama-ges, for causes which existed before judgment was rendered.*

*So, where the plaintiff in exe-cution had a judgment for damages sustain-ed by him, in consequence of the defendant obstructing the natural drain of waters from his front tract of land, by stop-ping certain ditches, leading from it over the back land claim-ed by both par-ties, and the de-fendant after-wards obtains the title to the disputed premi-ses, an injunction will not be al-lowed him to stay execution on the judgment for damages.*

35

rights of the parties, as to the *locus in quo;* and we are of opinion the injunction was properly refused.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.